**Robert HILDITCH and Blanche Hilditch, his wife, Plaintiffs,**

**v.**

**CITY OF PITTSBURGH; Ram Construction Company; Controlled Blasting, Inc.; and Arch M. Richardson & Associates, Inc., Defendants.**

**Civ. A. No. 83–435.**

United States District Court, W.D. Pennsylvania.

June 12, 1985.

Howard A. Specter, Pittsburgh, Pa., for plaintiffs.

Robert B. Smith, Pittsburgh, Pa., for defendant City of Pittsburgh.

Joseph A. Macerelli and John McGinley, Pittsburgh, Pa., for defendant Controlled Blasting, Inc.

Louis Anstandig, Pittsburgh, Pa., for defendant Ram Const. Co.

Robert F. McCabe, Jr., Pittsburgh, Pa., for defendant Arch M. Richardson & Associates, Inc.

## MEMORANDUM OPINION

BLOCH, District Judge.

On May 8, 1985, the plaintiffs stipulated to a voluntary dismissal of this action with prejudice against all of the defendants. Defendant Controlled Blasting, Inc. (CBI) refused to sign the stipulation, because defendant Ram Construction Company (Ram) sought dismissal of the crossclaims without prejudice. The Court thereupon ordered dismissal of plaintiffs' claims against all of the defendants with prejudice pursuant to Fed.R.Civ.P. 41(a)(2), while continuing its jurisdiction as to the crossclaims. Defendant Ram's oral motion for voluntary dismissal of its crossclaim against CBI without prejudice will be denied.

This case was brought by the plaintiffs to recover damages for injuries allegedly incurred as a result of blasting. Ram crossclaimed against CBI for contribution and indemnity. CBI answered the crossclaim by asserting its contractual right to indemnification by Ram for any injuries which occurred as the result of blasting. On the date set for trial, plaintiffs appeared, ready to proceed against the defendants. When the Court inquired as to whether there had been any serious discussion of settlement, counsel for the defendants indicated that the defendants' inability to allocate responsibility amongst themselves had prevented the making of an offer. The Court then ruled upon voir dire. Prior to the selection of the jury, counsel for CBI and Ram informed the Court's law clerk that a decision by the Court regarding the matters raised in their trial briefs would facilitate settlement of the case. While the selection of the jury was in progress, the Court reviewed the trial briefs and informed the parties of its views:

> I did look over the briefs on the crossclaims concerning the contract between Ram and CBI, and the language of the contract seems very clear to me, and it would seem clearly that Ram has the duty to indemnify CBI under the terms of this contract. Now there was really nothing right now for me to decide but that would not be a jury question and that would be a matter that the Court would decide; and that is the way I intend to decide.

Shortly thereafter, the trial commenced and all parties made opening statements. Before the taking of any testimony, all defendants agreed upon terms of settlement with the plaintiffs and so informed the Court upon the record. CBI refused to sign the stipulation of dismissal of plaintiffs' claims only to insure that the record would be clear that CBI did not agree with Ram's statement that all crossclaims would be dismissed without prejudice. CBI contends that Ram is effectively engaging in belated forum shopping on the issue of CBI's contractual right to indemnification.

Fed.R.Civ.P. 41 governs the voluntary dismissal of complaints and crossclaims. Fed.R.Civ.P. 41(a)(1), which pertains to the voluntary dismissal of an action by the plaintiffs, provides in pertinent part as follows:

> (a) Voluntary Dismissal: Effect Thereof.
>
> (1) By Plaintiff; by Stipulation.... [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice....

Fed.R.Civ.P. 41(c), which pertains to dismissal of crossclaims, provides in pertinent part as follows:

The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.

CBI filed an answer to the crossclaim of Ram on April 8, 1983. (Docket entry No. 28). Since Fed.R.Civ.P. 41(c) states that the provisions of Rule 41 apply to cross-claims, Ram's crossclaim against CBI cannot be dismissed except as provided for in Fed.R.Civ.P. 41(a)(2), which requires an order of court.

Neither party appears to dispute that the decision as to whether to retain jurisdiction over the crossclaims is within the Court's discretion. Under the circumstances of this case, it would be unjust to allow Ram to dismiss its crossclaims against CBI without prejudice. At this stage, the Court has only reviewed trial briefs on the issue and made known to the parties its opinion as to the language of the contract as quoted and discussed in those briefs. Obviously, Ram will be given the opportunity to submit affidavits and/or present testimony regarding the ambiguity of the contract as a whole before the Court will render a decision as to CBI's contractual right to indemnity. Accordingly, the parties will be granted leave to file motions for summary judgment, with supporting briefs and affidavits, within thirty (30) days. If no motion is filed within thirty (30) days, the Court will schedule the matter for trial.

As the Court record now stands, all crossclaims are currently pending, although the parties apparently agree that all crossclaims may be dismissed without prejudice except the crossclaim of Ram against CBI. The defendants will be directed to advise the Court in writing within thirty (30) days as to whether a stipulation can be reached as to the remaining crossclaims.

An appropriate Order will be issued.